UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, Plaintiff/Counterdefendant, v. ALBERICI CONSTRUCTORS, INC., URS ENERGY & CONSTRUCTION INC., WASHINGTON GROUP/ALBERICI JOINT VENTURE and IRVING EQUIPMENT, LLC, Defendants/Counterclaimants, and UNITED STATES OF AMERICA and RODGER L. JOHNSON, Defendants. | Case No. 13-cv-915-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Cincinnati Insurance Company ("CIC") to strike portions of defendant Irving Equipment LLC's ("Irving") Amended Answer, Affirmative Defenses and Counterclaims (Doc. 66). Irving has responded to the motion (Doc. 67).

In this case, CIC seeks a declaratory judgment that it owes no duty to defend or to indemnify the corporate defendants or the United States in an underlying personal injury suit brought against them by defendant Rodger L. Johnson. Irving and other defendants have brought counterclaims seeking a contrary declaration. CIC asks the Court to strike Irving's requests for affirmative relief in its answer because it has not alleged any factual basis for such relief. It further asks the Court to strike Irving's affirmative defenses because they do not contain sufficient factual detail to suggest they are plausible defenses and/or because they are not *bona fide*

affirmative defenses. Finally, CIC asks the Court to strike the portions of Irving's counterclaims seeking damages, costs and attorney's fees on the grounds that they are unsupported by sufficient facts.

Federal Rule of Civil Procedure 12(f) governs whether to strike matters from a pleading. Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

The Court has reviewed Irving's answer, affirmative defenses and counterclaims and finds that some of them arguably suffer from some of the flaws noted by CIC. However, CIC has not shown it will suffer prejudice if the offending matter remains in the pleadings. Issues relating to

the matter CIC seeks to have stricken are already in the case such as, for example, CIC's responsibility, if any, to defend or indemnify the defendants in the underlying lawsuit and the appropriate forms of relief available on any successful claim.   Thus, allowing these issues to remain pled in the answer, affirmative defenses and counterclaims will not cause the parties to unnecessarily expend time or money litigating spurious issues.   For these reasons, the Court **DENIES** CIC's motions to strike (Doc. 66).

**IT IS SO ORDERED.**
**DATED:   January 9, 2015**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**
