UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>ALBERICI CONSTRUCTORS, INC., URS ENERGY & CONSTRUCTION INC., WASHINGTON GROUP/ALBERICI JOINT VENTURE and IRVING EQUIPMENT, LLC,<br><br>    Defendants/Counterclaimants,<br><br>and<br><br>UNITED STATES OF AMERICA and RODGER L. JOHNSON,<br><br>    Defendants. | Case No. 13-cv-915-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the response of plaintiff Cincinnati Insurance Company ("CIC") (Doc. 102) to the Court's April 28, 2015, order to show cause (Doc. 100) why the Court should not dismiss CIC's claims against the United States in this case as moot. The Court also considers the reply filed by the defendant United States of America (Doc. 103). No other party has replied.

**I.    Background**

In this action, various parties seek declarations about whether insurance CIC issued to defendant Irving Equipment, LLC creates a duty to defend and/or indemnity the corporate or government defendants for claims defendant Rodger L. Johnson brings in *Johnson v. Alberici Constructors, Inc.*, No. 12-cv-568-DGW. CIC originally filed this declaratory judgment case in the Circuit Court for the First Judicial Circuit, Pulaski County, Illinois, after the defendant United

States and others demanded coverage from CIC for the *Johnson* action. The United States removed the case to federal court based on 28 U.S.C. § 1442(a)(1), which allows removal of a case in which the United States is a defendant. In this forum, there are currently pending four fully briefed cross-motions for summary judgment.

**II.     Jurisdiction**

As the Court noted in its order to show cause, all claims in *Johnson* involving the United States were dismissed with prejudice in October 2013. This caused the Court to wonder whether there remains a live case or controversy regarding potential coverage of the United States under the CIC insurance policy at issue in this case. The Court ordered CIC to show cause why the Court should not dismiss its claims against the United States in this case as moot.

In response to the order to show cause (Doc. 102), CIC contends there is still a dispute between it and the United States over the United States' defense costs in the underlying action, even in light of the fact that the underlying claims involving the United States have been dismissed with prejudice and liability coverage is no longer an issue. CIC notes that the United States' demand for coverage "has not been withdrawn in writing or through any matter presented to the Court" and is therefore not formally resolved. *See* CIC's Resp. 2. The United States (Doc. 103), on the other hand, states that it has permanently withdrawn its demand for coverage under the CIC policy and has so informed CIC orally, although it agrees that there is no written documentation to this effect. The United States says that CIC preferred to formalize dismissal of its claim involving the United States after the Court ruled on the pending summary judgment motions, and the United States acceded to that delay. The United States concedes that CIC's claim against it is likely moot and subject to dismissal even without formal written notice.

The Court finds CIC's claim involving the United States is moot in that there is no longer a live case or controversy between those parties. Federal courts' jurisdiction is limited to live cases and controversies. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Goldman v. Gagnard*, 757 F.3d 575 (7th Cir. 2014). A case is moot, and therefore outside the jurisdiction of a federal court, when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980); *accord Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010). Here, there is no longer any live dispute between CIC and the United States because the United States has withdrawn its demand for the coverage about which CIC seeks a declaration. CIC's claim, therefore, seeks an advisory ruling about a matter no longer in controversy. Accordingly, the Court must dismiss CIC's claim against the United States as moot. Finding no just reason for delaying the entry of judgment to that effect on this claim, the Court will direct entry of judgment of dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 54(b).

**III.    Supplemental Jurisdiction**

This ruling leaves the question of what to do with the other claims in the case. The Court undoubtedly has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) because they are sufficiently related to the claim involving the United States so as to be part of the same case or controversy; they all involve interpreting the same insurance policy as it relates to Johnson's injury. However, 28 U.S.C. § 1367(c)(3) provides that the Court may decline to exercise such supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. A district court has broad discretion in deciding whether to decline jurisdiction over state law claims when no original jurisdiction claim remains pending. *RWJ Mgmt. Co. v. BP*

*Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012). The district court should consider judicial economy, convenience, fairness and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[W]hen the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251). This is true even when the decision is on the eve of trial so long as the district court has not made a "substantial investment" of time in the litigating untried claims. *RWJ Mgmt.*, 672 F.3d at 478.

       CIC urges the Court to retain its supplemental jurisdiction over the remaining claims in this case rather than decline to exercise that jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). It notes that this case has made substantial progress toward conclusion, with fully briefed summary judgment motions pending that the parties expect will resolve some, if not all, issues, and that having to acquaint a new court with this case will substantially delay its resolution. Apparently, resolution of this case will likely lead fairly quickly to *Johnson*'s resolution. CIC further notes that this Court is as able to resolve questions of Ohio law, which governs the policy, as an Illinois court would be.

       The Court has considered the relevant factors and has determined that remand is proper. There are insufficient countervailing considerations to overcome the usual and preferred course of declining to exercise jurisdiction. While it is true that this case has been on the Court's docket since it was removed in September 2013, the Court has not made a substantial investment of time in the litigation. As a matter of fact, although the magistrate judges assigned to this case have made a number of rulings, most were on fairly routine matters such as scheduling or allowing

amendments of pleadings. The undersigned Article III judge, however, would be the one ruling on the pending summary judgment motions, but has not been involved in the substance of the case other than to make a preliminary review of those motions and the Court's jurisdiction. It would likely take a state court no longer than this Court to become familiar with this case and the summary judgment arguments. Furthermore, an Illinois court would likely be just as adept as this Court at researching, understanding and applying Ohio law, if that law governs the policy. For these reasons, the Court will remand the remaining claims in this case to state court.

IV. **Conclusion**

For the foregoing reasons, the Court:

- **DISMISSES for lack of jurisdiction** CIC's claim involving the United States in light of the fact that there is no longer a case or controversy between those parties;

- **DIRECTS** the Clerk of Court to enter a Rule 54(b) judgment dismissing CIC's claim involving the United States for lack of jurisdiction;

- **DECLINES** to exercise supplemental jurisdiction over the remaining claims in this case pursuant to 28 U.S.C. § 1367(c)(3); and

- **REMANDS** the remaining claims in this case to the Circuit Court for the First Judicial Circuit, Pulaski County, Illinois.

**IT IS SO ORDERED.**
**DATED: June 3, 2015**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. District Judge**